**Helen K. BROWNE, Administratrix of the Estate of Joseph C. Browne, Deceased**

**v.**

**The UNITED STATES.**

**David C. BROWNE and Diana K. Browne**

**v.**

**The UNITED STATES.**

**Robert E. KANODE and Audrey Lee Kanode**

**v.**

**The UNITED STATES.**

**Nos. 70–61, 71–61, 72–61.**

United States Court of Claims

Feb. 18, 1966.

John S. McDaniel, Jr., Baltimore, Md., attorney of record, for plaintiff.

Richard J. Boyle, Washington, D. C., with whom was Acting Asst. Atty. Gen. Richard M. Roberts, for defendant. C. Moxley Featherston, Lyle M. Turner and Philip R. Miller, Washington, D. C., of counsel.

Before COWEN, Chief Judge, and LARAMORE, DURFEE, DAVIS and COLLINS, Judges.

PER CURIAM:

██ This is another income tax case in which the ultimate issue is whether or not the taxpayers held certain real property primarily for sale to customers in the ordinary course of business. This is a question which must be decided on the particular facts and circumstances. See, e. g., Miller v. United States, 168 Ct.Cl. 498, 504, 339 F.2d 661, 663–664 (1964); Garrett v. United States, 128 Ct.Cl. 100, 104, 120 F.Supp. 193, 195–196 (1954); Bauschard v. Commissioner of Internal

Revenue, 279 F.2d 115, 117–118 (C.A. 6, 1960). The facts in this case are set forth in the findings made by Chief Trial Commissioner Marion T. Bennett which the court adopts. The gist of these findings is as follows: Joseph C. Browne, David C. Browne, and Robert E. Kanode were the stockholders in and the managers of Maryland Modern Housing Corporation (Housing), a company in the business of building and selling prefabricated houses in the Baltimore area. In 1951, they purchased (in the same ratio as their stockholdings) an undeveloped tract of land; they then had the land platted and subdivided, installed streets and storm sewers, and arranged for the extension of water, gas, and electricity to the area; through Housing, a model house was constructed on the tract on their behalf, and shown to the public; when it appeared that this type of house could be sold on the land, the tract was sold in 1956 to Housing at a price over five times the original cost to them and more than three times greater than their basis; Housing then continued the development and sold a number of units. Plaintiffs' claim is that the tract was not acquired or held by them for the purpose of resale in the ordinary course of any business theretofore or thereafter engaged in by the Brownes and Kanodes as individuals. Commissioner Bennett has found to the contrary; he has concluded that on the weight of the evidence they were dealers in real estate and their profits on the sale of the land were made in the ordinary course of such business. On this record, we agree with that conclusion. In particular, when we put the developmental activities undertaken by the taxpayers before they sold the tract to Housing (their controlled corporation) together with other similar dealings of theirs involving Housing or other controlled companies, we find that this transaction fell outside of the provisions of the Internal Revenue Code of 1954 (Section 1221) permitting capital gains treatment of gains realized on the sale of certain property. See Bauschard v. Commissioner of Internal Revenue, supra, at p. 118; Kaltreider v. Commissioner of Internal Revenue, 255 F.2d 833, 838–839 (C.A. 3, 1958); Engasser v. Commissioner, 28 T.C. 1173 (1957).[1]

The decisions which plaintiffs cite as close to this case are readily distinguishable. In Gordy v. Commissioner, 36 T.C. 855 (1961), involving sales to controlled corporations, there was no showing of personal activities by the taxpayer-stockholder equivalent to the platting, subdividing, installation of streets, and utility arrangements in this case. Conversely, in Wagner v. Dudley, 58–2 U.S. Tax Cas. ¶ 9589 (W.D.Pa., May 27, 1958), the taxpayers did not control the vendee corporation. In Thomas v. Commissioner of Internal Revenue, 254 F.2d 233 (C.A. 5, 1958), the taxpayers neither controlled the purchasing company nor engaged in extensive developmental activities preliminary to the sale. Here, we have substantial personal developmental activities, plus use of and sale to a controlled corporation which continued the development, plus some comparable purchases by taxpayers of other real estate for development.

The plaintiffs are not entitled to recover and their petitions are dismissed.

---

1. Property held for sale to a single customer can meet the requirements of Section 1221(1). Nielsen v. United States, 333 F.2d 615 (C.A.6, 1964); Patterson v. Belcher, 302 F.2d 289, 294 (C.A.5, 1962), cert. denied, 371 U.S. 921, 83 S.Ct. 289, 9 L.Ed.2d 230; Jantzer v. Commissioner of Internal Revenue, 284 F.2d 348 (C.A. 9, 1960); Pennroad Corp. v. Commissioner of Internal Revenue, 261 F.2d 325, 330 (C.A.3, 1958), cert. denied, 359 U.S. 958, 79 S.Ct. 797, 3 L.Ed.2d 766.